CHRISTIAN ACTION PARTY ET AL., Petitioners and Appellants, *v.* LUIS MUÑOZ MARÍN, GOVERNOR OF PUERTO RICO ET AL., Defendants and Appellees.

No. AP-62-32.   Decided January 31, 1963.

*Ponsa Feliú & Calderón* for appellants. *J. B. Fernández Badillo, Solicitor General,* for appellees.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

After the general elections were held in Puerto Rico in November 1960, the political group known as "Christian Action Party" claimed the rights recognized by the Election Law to the principal political parties through the following two requests: (1) On March 2, 1962 the President of said group asked the Governor of Puerto Rico by letter, to appoint a member and an alternate member to represent the Christian Action Party in the Commonwealth Board of Elections, and (2) on April 3, 1962 the President of said group and the chairman of the local committee, Precinct II of Río Piedras, of the same group, asked the General Supervisor of Elections, for

copies of the election lists mentioned in § 27 of the Election Law in effect, free of costs.

Both requests were denied and then the Christian Action Party filed a petition for Mandamus in the Superior Court, San Juan Part. After the case was heard on the merits, the court rendered judgment denying the petition.

It is alleged that the court erred (a) in holding that the Christian Action Party is not a principal political party, (b) in holding that the Christian Action Party did not retain its status of party by petition in the 1960 elections, (c) in holding that the defendants do not have the ministerial duties invoked by the petitioners.

Prior to the general election of 1960 and after a rapid registration procedure, the Christian Action Party requested the Supervisor of Elections the right to be represented by an inspector and a secretary in the poll board of each electoral precinct, pursuant to § § 47 and 49 of the Election Law. (16 L.P.R.A. § § 171 and 175). The request was made on the basis that it had fulfilled the requirements provided in the third paragraph of § 14 of the Election Law (16 L.P.R.A. § 20),[1] to participate in the 1960 election as a party by petition.

In a mandamus petition filed in this Court by said party against the Supervisor of Elections requesting that the aforesaid right of representation at the poll boards be granted to it, we held that the Christian Action Party had not registered candidates by petition in and for three-fourths (¾) or more of the election precincts of the whole island and that

---

[1] Said paragraph reads thus:

"Party by petition shall be any political party which, in accordance with section 112 of this title, registers in the Department of State of Puerto Rico, for the immediately following general election candidates by petition in and for three-fourths or more of the electoral precincts throughout the Commonwealth, and which files in said office, for said election, petitions for the nomination of candidates signed by a number of petitioners equivalent to ten (10) per cent or more of the total vote cast for all candidates to the office of Governor of Puerto Rico in the last immediately preceding general election."

consequently, as a matter of law, said party was not a "party by petition" and was not entitled to the representation requested. *C.A.P.* v. *General Supervisor of Elections*, 82 P.R.R. 21. Said party, hence, was not recognized the rights of a party by petition, nor did it participate in the elections as such party by petition.

It contends now that notwithstanding the foregoing it participated in the 1960 elections as such party by petition since it met all the requirements provided by the law for the registration as such party and which were the ones specified in § 14 of the Election Law as amended by Act No. 6 of September 27, 1951. It then goes on to maintain that by virtue of the provisions of Article IX, § 6 of the Constitution of the Commonwealth of Puerto Rico, the Christian Action Party is a principal political party and that it also retained the category of party by petition.

Said § 6 of Article IX of our Constitution provides:

"Political parties shall continue to enjoy all rights recognized by the election law, provided that on the effective date of this Constitution they fulfill the minimum requirements for the registration of new parties contained in said law. Five years after this Constitution shall have taken effect the Legislative Assembly may change these requirements, but any law increasing them shall not go into effect until after the general election next following its enactment."

As we have previously indicated the petitioners allege that the law in force on the effective date of the Constitution which fixed the minimum requirements for the registration of new parties was § 14 of the Election Law, as it had been amended by Act No. 6 of September 27, 1951. Said amendment provided:

"To the effects and for the purposes of the election to be held in November of the year 1952, any party shall be considered a party by petition and shall have the same rights as any principal party, which for said election, in accordance with section 112, of this title, registers, in the Department of State

of Puerto Rico, candidates by petition in and for one-half or more of the election precincts throughout the Commonwealth; and which files in said office, for said election, petitions for the nomination of candidates, signed by a number of petitioners equivalent to five (5) per cent or more of the total number of votes cast in the general election of 1948 for all candidates to the office of Governor of Puerto Rico. Said five (5) per cent shall be computed by taking into consideration only the petitions for the nomination of candidates filed by said party in accordance with section 112 of this title, in those municipalities in and for which said party has filed in the Department of State petitions for the nomination of candidates signed by a number of petitioners equivalent to ten (10) per cent or more of the votes cast in each one of said municipalities for all candidates to the office of Governor of Puerto Rico in the 1948 election." (16 L.P.R.A. § 20.)

■ We shall concede, arguendo, that by virtue of the previously constitutional provision, the law which fixed the minimum requirements for the registration of new parties was said Act No. 6 of September 27, 1951, and we shall concede, also arguendo, that the Christian Action Party took part in the 1960 elections as a party by petition; but what we can not concede is that the minimum requirement to attain the condition of principal party and to retain the category of party by petition "is to obtain in the general elections a total number of votes equivalent to five (5) per cent or more of the total votes cast for the office of Governor."

The next to last paragraph of said § 14 of the Election Law, invoked by petitioners themselves as the law in force, contains provisions in relation to the acquisition and retention of the categories of principal party, principal majority party and party by petition. Said paragraph provides:

"Any political party which retains, acquires, or has the category of principal party, or of principal majority party, or of party by petition, shall be considered as, and enjoy the rights of, such principal party, principal majority party, or party by petition, until the candidate of said party to the office of Governor of Puerto Rico fails to obtain in a general election the number

of votes necessary for attaining the category of principal party or principal majority party, or party by petition, in accordance with the provisions of this section." (16 L.P.R.A. § 20.)

In support of their theory the petitioners invoke the debates of the Constitutional Convention upon discussing § 6 of Article IX as well as the report of the Committee submitted to the Convention.

Originally said section provided: "The political parties organized shall continue to enjoy all rights recognized by the election law, provided that on the effective date of this Constitution they fulfill the minimum requirements for the registration of new parties contained in said law. Five years after the Legislative Assembly, etc." There was a discrepancy of views in the debate as to whether that provision granted a privilege to the organized political parties, which consisted in continuing to enjoy the rights recognized by the election law as such parties provided that they fulfilled the minimum requirements for the registration of new parties, that is, provided that they received five per cent of the votes, while the parties subsequently organized would not enjoy that privilege. Time and again it was stated that the minimum requirements for the registration of new parties were, as to the number of petitions, five per cent of the total votes cast for the office of Governor of Puerto Rico; but upon approving § 6 they eliminated that about organized political parties and merely provided that *political parties* shall continue to enjoy on the effective date of the Constitution the rights recognized by the election law provided they fulfill the minimum requirements for the registration of new parties contained in said law. We have already said that the *political parties* are the principal parties and the parties by petition. And the law in force on the effective date of the Constitution, which established the minimum requirements for the registration of new parties, was, according to the theory

of the petitioners, Act No. 6 of September 27, 1951 which amended § 14 of the Election Law.

■ Regardless of the opinion of the delegates to the Constitutional Convention as to the minimum requirements provided by the law in force at that time for the registration of new parties, the Convention provided in § 6 that those requirements were those contained in the *law in force* on the effective date of the Constitution. And if the law in force was Act No. 6 of September 27, 1951, and it is invoked by the petitioners, they are bound to accept it wholly as it prevailed at that time. And we have seen that that Act provides that the 5 per cent shall be computed by taking into consideration only the petitions for the nomination of candidates filed by said party in those municipalities in and for which said party has filed in the Department of State petitions for the nomination of candidates signed by a number of petitioners equivalent to ten (10) per cent or more of the votes cast in each one of said municipalities for all candidates to the office of Governor of Puerto Rico in the 1948 election.

Invoking the next to last paragraph of § 14 of the Election Law quoted above, the petitioners allege that the rule for retaining the category of party by petition is the same one to attain the category of party by petition. If this is so, and accepting, arguendo, that the Christian Action Party went to the 1960 election as a party by petition, then it must be determined whether the candidate of said party for the office of Governor of Puerto Rico obtained in said general election of 1960 the necessary number of votes to attain the category of principal party, principal majority party or party by petition pursuant to the provisions of § 14 of the Election Law as amended by Act No. 6 of September 1951.

The trial court concluded:

"Pursuant to the certificate from the General Supervisor of Elections, Mr. Ernesto Mieres Calimano, the Christian Action Party obtained 27,220 votes in 21 precincts of the 82 electoral

precincts (Election Law, 16 L.P.R.A. § 12), in which precincts said party obtained 10 per cent or more of the votes cast for candidates for Governor in the elections held on November 8, 1960. (See Defendants' Exhibit 1.)

"The votes cast for all the candidates for Governor numbered 789,487, the Christian Action Party having obtained 27,220, in the above-mentioned 21 precincts, in which precincts it obtained 10 per cent or more of the votes cast for Governor, the total votes obtained in those 21 precincts (27,220) constituting 3.44 per cent of the total votes cast for all the candidates for Governor. (Defendants' Exhibit 1.)" (Page 6, Opinion.)

And as a matter of law it decided "that the Christian Action Party did not fulfill the requirements provided by the law to continue as a party, applying the 5 per cent of the total votes cast in the 1960 elections for all the candidates for the office of Governor, for which reason, it is not a party by petition nor a principal party."

■ In view of the facts we have accepted, arguendo, the preceding conclusion is correct. The right of the Christian Action Party to emerge from the 1960 election as a principal party or to retain the status of party by petition depended on the votes obtained for its candidate for Governor of Puerto Rico which should have reached the necessary number required for the registration of new parties. That number is 5 per cent or more of the total votes cast in the 1960 general election for all the candidates for the office of Governor of Puerto Rico; but it is computed in the manner provided by the same Act No. 6 of September 1951. This is so because that whole Act was the law in force on the effective date of the Constitution as we have accepted arguendo. Section 6 of its Article IX did not provide for the effectiveness of part of Act No. 6. If the petitioners accept it as the law in force, they must also accept the manner for computing the 5 per cent. And applying that manner the Christian Action Party did not fulfill the minimum requirements contained in said law for the registration of new parties and, therefore, if it

174

had the status of party by petition, it lost it or did not retain it as the result of the general election of 1960.

Consequently the defendants were not bound to comply with the ministerial duty, which they did not have, invoked by the petitioners.

The judgment rendered by the Superior Court will be affirmed.

Mr. Justice Santana Becerra agrees that the claim does not lie on the ground that the Christian Action Party did not participate in the 1960 elections, neither as a matter of fact, nor as a matter of law, as a political party by petition.

Mr. Justice Hernández Matos did not participate herein.